· In the Matter of the Claim of WALTER MITCHELL, Respondent, against DELHAM CONSTRUCTION Co., INC., et al., Appellants, and PRUDENTIAL INSURANCE Co., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, with $10 costs. Present—Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ. [See *ante*, p. 1103.]

■

In the Matter of the Claim of FRED J. PRATT, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Motion for reargument denied. Present—Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ. [See *ante*, p. 1105.]

■

In the Matter of the Claim of CORINNE C. WATERMAN, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Motion to void, vacate and set aside the order of this court entered upon the decision handed down on April 1, 1955, denied. Motion for reargument or for permission to appeal to the Court of Appeals denied. Present—Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ. [See *ante*, p. 1106.]

■

In the Matter of the Claim of JEANNE ERION, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— This is an appeal by claimant from a decision made by the Unemployment Insurance Appeal Board, affirming a decision of a Referee which sustained an initial determination of the Industrial Commissioner holding claimant was not available for employment on and after July 27, 1953. The case is difficult to understand because each side says a different issue is involved. Claimant's sole point is that she was improperly disqualified for benefits because she refused to take a job at Tonawanda, which was outside her normal working area in Buffalo, N. Y. Counsel for the commissioner says that her refusal to take that job was not the basis of the decision appealed from, that the Referee overruled the determination of the commissioner which disqualified claimant for a refusal to take the Tonawanda job. But the decision of the board and the findings of the Referee do not make clear why claimant was disqualified. On July 27, 1953, claimant was apparently four months pregnant with her second child. She said that she nevertheless looked for work but was unable to obtain any on account of her pregnancy. The board and the Referee held that she did not re-enter the labor market, but their findings are cluttered up with references to things that happened the year before. If they intended to find that she did not re-enter the labor market because of her pregnancy a clear-cut finding to that effect should be made. Decision reversed, with costs and matter remitted. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.